IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | | |
|---|---|---|
| GREGORY W.,[1] | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 5:17-cv-00030 |
| | ) | |
| NANCY A. BERRYHILL, Acting | ) | By: Elizabeth K. Dillon |
| Commissioner of Social Security, | ) | United States District Judge |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION**

Plaintiff Gregory W. brought this action for review of defendant Nancy A. Berryhill's (the commissioner's) final decision denying his claim for supplemental security income (SSI) and disability insurance benefits (DIB) under the Social Security Act (the Act). *See* 42 U.S.C. § 405(g) (2012) (authorizing a district court to enter judgment "affirming, modifying, or reversing the decision of the Commissioner of Social Security"). As permitted by the local rules, Gregory filed a brief and requested oral argument. Defendant filed a motion for summary judgment, and the matter was referred to United States Magistrate Judge Joel C. Hoppe for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). After a hearing, the magistrate judge issued his report, in which he concluded that substantial evidence supported the commissioner's decision. (Dkt. No. 25.)

Gregory timely filed written objections (Dkt. No. 26), and the commissioner filed a response (Dkt. No. 28). After reviewing the pertinent portions of the record, the report, and the filings by the parties, the court concludes that Gregory's objections largely repeat the arguments he made in his brief before the magistrate judge. Because some of his argument appears to be

---

[1] Due to privacy concerns, the court is adopting the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States that courts use only the first name and last initial of the claimant in social security opinions.

new, however, the court considers his objections de novo. For the reasons set forth herein, the court will adopt the magistrate judge's recommendation. Accordingly, the court will grant defendant's motion for summary judgment and affirm the commissioner's decision.

## I. BACKGROUND

The court adopts the recitation of facts and procedural background as set forth in the report. (R. & R. 3–5, Dkt. No. 25.)

## II. DISCUSSION

### A. Standard of Review

This court's review of the administrative law judge's (ALJ) underlying decision is limited. Specifically, "[a] district court's primary function in reviewing an administrative finding of no disability is to determine whether the ALJ's decision was supported by substantial evidence." *Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987). Substantial evidence does not require a "large or considerable amount of evidence," *Pierce v. Underwood*, 487 U.S. 552, 564–65 (1988); rather, it requires "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). This is "more than a mere scintilla of evidence [and] somewhat less than a preponderance." *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966).

Where, as here, a matter has been referred to a magistrate judge pursuant to 28 U.S.C. § 636(b)(1), this court reviews de novo the portions of the report to which a timely objection has been made. Fed. R. Civ. P. 72(b)(3) ("The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to."); *United States v. Raddatz*, 447 U.S. 667, 673–74 (1980) (finding that de novo review of the magistrate's report and recommendation comports with due process requirements).

In order for an objection to trigger de novo review, it must be made "with sufficient specificity so as reasonably to alert the district court of the true ground for the objection." *United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007). *See also Page v. Lee*, 337 F.3d 411, 416 n.3 (4th Cir. 2003). Further, objections must respond to a specific error in the report and recommendation. *See Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). General or conclusory objections, therefore, are not proper; they are in fact considered the equivalent of a waiver. *Id*. Likewise, an objection that merely repeats the arguments made in the briefs before the magistrate judge is a general objection and is treated as a failure to object. *Moon v. BWX Techs*, 742 F. Supp. 2d 827, 829 (W.D. Va. 2010), *aff'd*, 498 F. App'x 268 (4th Cir. 2012) (citing *Veney v. Astrue*, 539 F. Supp. 2d 841, 844–46 (W.D. Va. 2008)). As other courts have recognized in the social security context, "[t]he Court may reject perfunctory or rehashed objections to R & R's that amount to a second opportunity to present the arguments already considered by the Magistrate Judge." *Heffner v. Berryhill*, No. 2:16-cv-820, 2017 WL 3887155, at *3 (D.S.C. Sept. 6, 2017) (quoting *Felton v. Colvin*, No. 2:12-cv-558, 2014 WL 315773, at *7 (E.D. Va. Jan. 28, 2014)).

**B. Gregory's Objections**

In response to the report, Gregory raises one objection, containing several arguments, and it is partially the type of "rehashed objection" that the *Heffner* and *Felton* courts concluded could be rejected. *See id*. That is, Gregory made some of the same arguments in his briefing before the magistrate judge. Moreover, the report directly addresses those contentions. (*Compare* Pl.'s Objs. 1–11, Dkt. No. 26 *with* Pl.'s Br. 18–27, Dkt. No. 14.) Nonetheless, Gregory's objection points out what he believes to be specific errors in the report. He also cites to cases decided after he filed his initial brief. So the court will assume his objection is sufficient to trigger de novo

review. Even reviewing his objection de novo, however, the court concludes that the ALJ's determination is supported by substantial evidence and the commissioner's decision should be affirmed.

Gregory contends that the ALJ erred at step five of the disability determination by erroneously rejecting rebuttal vocational evidence Gregory presented after the hearing in response to the vocational expert's testimony. (Pl.'s Objs. 1.) Gregory's rebuttal evidence consisted of the opinion of an employment specialist concerning the discrepancy in the defined skill levels of the jobs presented by the vocational expert (VE), based on the Dictionary of Occupational Titles (DOT) and the O*NET. (*Id*. at 1–2.) Specifically, he notes that the employment specialist's report was not presented to the VE, and he argues that the ALJ improperly dismissed this rebuttal evidence based on her own lay opinion, rather than presenting such evidence to the vocational expert. (*Id*. at 5–6.)

The report addressed this issue in some detail. As the report noted, while the VE was not presented with the assessment by Gregory's employment specialist, the ALJ discussed both the VE's opinions and the employment specialist's opinions in her analysis of job opportunities for Gregory. (R. 37.)

In concluding that "ALJ Nunez did not err at step five," the magistrate judge summarized his reasoning as follows:

> She resolved all apparent conflicts between the DOT and the VE's testimony, as required. She did not have an obligation to resolve conflicts between the VE's testimony and O*NET, however. Furthermore, she adequately considered the employment specialist's report and explained why she credited the VE's testimony, specifically, because he based his opinion on his own experience and the DOT. Thus Gregory W.'s step-five argument is not persuasive, and remand is not required.

(R. & R. 25–26.)

4

In his objection, Gregory argues that the magistrate judge's recommendation is "based on a discussion of authority that is not germane to the issue presented in this case" because it incorrectly focuses on "whether there is a conflict between a vocational expert's testimony and the DOT." (Pl.'s Objs. 3–4.) Gregory contends that the issue instead "is very simply a claimant's right to present rebuttal evidence, and the ALJ's obligation [to] resolve vocational issues by consulting persons with vocational expertise." (*Id.* at 4.) Gregory asserts that the timing of the employment specialist's report meant that there was no "conflict": his employment specialist offered an opinion based on the O*NET, and the VE offered no opinion as to how the O*NET treated the jobs the VE had identified. (*Id.* at 5.)

In short, he argues that the ALJ could not simply reject his employment specialist's opinion, but instead she had an obligation to consult persons with vocational expertise. And he challenges the report's assertion that he cited "no authority" for the proposition that the ALJ "improperly relied on her 'lay opinion' to evaluate the vocational evidence." (R. & R. 22 n.10.)

Both the factual and legal premises of Gregory's argument, however, are flawed. First of all, as a factual matter—and contrary to Gregory's characterization—the ALJ was not rejecting the evidence based solely on her own opinion. In fact, she also looked to the VE's testimony regarding those same jobs to determine their defined skill level. What the ALJ did was permitted.

As a legal matter, moreover, the cases Gregory relies on do not support his argument. Gregory relies on the authority he cited on pages 20 and 21 of his brief. (Pl.'s Objs. 5.) But the cited cases are ones in which no vocational expert was utilized by the ALJ. *See, e.g.*, *Wilson v. Califano*, 617 F.2d 1050, 1053 (4th Cir. 1980). Here, by contrast, the ALJ relied on both the vocational expert and the employment specialist in reaching her conclusion.

5

Additionally, Gregory cites to a number of new cases decided after the briefing was presented to the magistrate judge.  He contends that these cases support his assertion that an ALJ's failure to adequately address objections or challenges to vocational testimony is error requiring remand.  (Pl.'s Objs. 8–10.)  But as made plain in Gregory's parenthetical explanations of those cases, they are cases in which the ALJ failed to address the objection or challenge.  Here, by contrast, the ALJ considered the challenge, rejected it, and gave her reasons for doing so.  The court concludes that this is substantial evidence supporting her decision at step five and that no error requiring remand has been shown.

For the foregoing reasons, the court will overrule Gregory's objection and adopt the report's recommendation.

### III. CONCLUSION

After reviewing de novo the portions of the report to which Gregory objected, the pertinent portions of the record, and the filings by the parties, the court will overrule Gregory's objections and adopt the magistrate judge's recommendation.  The court will therefore grant the commissioner's motion for summary judgment and affirm the final decision of the commissioner.

An appropriate order will be entered.

Entered: September 28, 2018.

/s/ *Elizabeth K. Dillon*
Elizabeth K. Dillon
United States District Judge